## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MONTE M. PARHAM,
           Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
          Agency.

DOCKET NUMBERS
DA-0432-16-0254-I-1
DA-1221-15-0345-W-1

DATE: July 20, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Stephanie Bernstein, Esquire, Dallas, Texas, for the appellant.

Shaun Southworth, Esquire and Terina Williams, Esquire, Atlanta, Georgia, for the appellant.

Benjamin Owen and Daniel Rodriguez, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The agency has filed a petition for review of the initial decisions, which dismissed the appellant's individual right of action (IRA) appeal and his

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

chapter 43 removal appeal as settled.[2]  For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decisions, and REMAND both appeals to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2        On April 24, 2015, the appellant filed an IRA appeal with the Board. *Parham v. Department of Homeland Security*, MSPB Docket No. DA-1221-15-0345-W-1, Initial Appeal File (W-1 AF), Tab 1.  Thereafter, on March 1, 2016, he filed an appeal challenging his chapter 43 removal.  *Parham v. Department of Homeland Security*, MSPB Docket No. DA-0432-16-0254-I-1, Initial Appeal File (IAF), Tab 1.  The appeals were assigned to different administrative judges.  Following a hearing on his IRA appeal, but prior to a hearing on his removal appeal, the parties entered into an oral settlement agreement that resolved both matters.  W-1 AF, Tab 30; IAF, Tab 30.[3]  The agency agreed to rescind the appellant's removal and reinstate him.  W-1 AF, Tab 30; IAF, Tab 30.  It further agreed that, once it rescinded the appellant's removal, it would place him in a sick leave status from the date of reinstatement until his return to work.  W-1 AF, Tab 30; IAF, Tab 30.  Thereafter, on June 8, 2016, the administrative judges issued two separate initial decisions entering the settlement agreement into the record and dismissing each

---

[2] We JOIN the two appeals under 5 C.F.R. § 1201.36(b), because doing so would expedite the processing of the appeals without adversely affecting the interests of the parties.  On remand, the regional office may elect to sever these appeals, if appropriate. *See* 5 C.F.R. § 1201.36.

[3] In both its petition for review and reply, the agency indicates that the record does not contain a complete recording of the parties' oral settlement agreement.  *Parham v. Department of Homeland Security*, MSPB Docket No. DA-0432-16-0254-I-1, Petition for Review File, Tab 2 at 4 n.1, Tab 5 at 4.  Although the record of the appellant's IRA appeal contains only a partial recording of the oral agreement, W-1 AF, Tab 30, the record of the appellant's chapter 43 removal appeal contains the complete recording, IAF, Tab 30.

appeal as settled. W-1 AF, Tab 31, Initial Decision; IAF, Tab 31, Initial Decision.

¶3 The agency has filed a petition for review for both appeals in which it asserts that the settlement agreement should be set aside based upon the parties' mutual mistake because Federal regulations prevent it from placing the appellant in a sick leave status when he was not incapacitated. *Parham v. Department of Homeland Security*, MSPB Docket No. DA-1221-15-0345-W-1, Petition for Review File, Tab 1 at 4-11; *Parham v. Department of Homeland Security*, MSPB Docket No. DA-0432-16-0254-I-1, Petition for Review (PFR) File, Tab 2 at 4-11, Tab 7 at 4-5. The appellant has responded, asserting that the settlement agreement was not unlawful and should instead be set aside based upon the agency's refusal to abide by the agreement. PFR File, Tab 4 at 3. The appellant does not appear to assert that the agency failed to properly reinstate him.[4] PFR File, Tab 2 at 14-15, Tab 4 at 3. The agency has filed a reply wherein it avers that it did not act in bad faith and that it is unable to lawfully comply with an essential term of the settlement agreement. PFR File, Tab 5 at 4-6.

## ANALYSIS

¶4 It is well settled that a settlement agreement is a contract between the parties that may be set aside or voided only on the basis of certain limited grounds, including fraud or a mutual mistake of material fact under which both parties acted. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 12 (2010). A mutual mistake of fact is a shared, mistaken belief of the parties regarding a material assumption of fact underlying their agreement. *Id.*

¶5 Here, both parties entered into the settlement agreement under the assumption that the agency had the authority to place the appellant in a sick leave status. W-1 AF, Tab 30; IAF, Tab 30; PFR File, Tab 2 at 17-18. The parties

[4] The appellant avers in his response that the agency's "bad faith negotiations" caused him "to endure additional time without employment," PFR File, Tab 4 at 3; however, it appears that he is referring to his inability to use sick leave, PFR File, Tab 2 at 14.

were mistaken, however, because the agency may only place an employee in a sick leave status under certain circumstances specified by regulation, such as when he is incapacitated. 5 C.F.R. §§ 630.401(a), 630.405(a). We find that this mistake relates to a material assumption of fact underlying the settlement agreement because, as the parties state, without the ability to place the appellant in a sick leave status, the agency cannot comply with the settlement agreement. PFR File, Tab 2 at 9-10, 14; *see Brady v. Department of the Navy*, 95 M.S.P.R. 619, ¶ 8 (2004). Thus, the settlement agreement must be set aside. *See Miller v. Department of Defense*, 45 M.S.P.R. 263, 266 (1990) (finding that a settlement agreement that granted the appellant retroactive administrative leave for 1 year should be set aside based upon a mutual mistake because the agency lacked discretion to authorize a grant of administrative leave for an extended period of time under the circumstances of the case); *see also Mansfield v. National Mediation Board*, 103 M.S.P.R. 237, ¶ 23 (2006) (recognizing that the Board has the discretion not to accept a settlement agreement into the record for enforcement purposes when it provides the appellant with pay and benefits not authorized by law).

¶6        When a settlement agreement must be set aside because of the failure of an essential part of the agreement but the appellant has obtained other benefits pursuant to that agreement, such as reinstatement, the Board has found it appropriate to offer the appellant a choice between reinstating his appeal or accepting the settlement agreement as is. *Vance*, 114 M.S.P.R. 679, ¶¶ 16-17. Accordingly, upon remand, the administrative judge shall inquire whether the appellant wishes to reinstate his appeals or accept the settlement agreement notwithstanding the agency's failure to place him in a sick leave status for the relevant period. Alternatively, the parties may choose to negotiate a new settlement agreement. The administrative judge then shall issue a new initial decision.

¶7  For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

_/s/ for_

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.